UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LEWIS O. SAMS | CIVIL ACTION NO. 5:10-cv-01223 |
| VERSUS | JUDGE TOM STAGG |
| STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, AND ERIC N. SCHONFARBER | MAGISTRATE MARK L. HORNSBY |

**ANSWER TO RECONVENTIONAL
DEMAND OF ERIC N. SCHONFARBER**

NOW INTO COURT, through undersigned counsel, comes LEWIS O. SAMS, Defendant-in-Reconvention, who for answers to the reconventional demand filed herein by Plaintiff-in-Reconvention, ERIC N. SCHONFARBER, denies each and every allegation therein except as specifically admitted, and further answering, respectfully represent:

A.

The allegations contained in Paragraph A of the Reconventional Demand are denied for lack of sufficient information in which to justify a belief therein.

B.

The allegations contained in Paragraph B of the Reconventional Demand are admitted in that Lewis O. Sams has been named a defendant, but the remaining allegations are denied.

C.

The allegations contained in Paragraph C of the Reconventional Demand are admitted in that Red River Parish, Louisiana is the proper venue, but the remaining allegations are denied.

D.

The allegations contained in Paragraph D of the Reconventional Demand do not require an answer of this defendant.

E.

The allegations contained in Paragraph E of the Reconventional Demand are denied for lack of sufficient information in which to justify a belief therein.

F.

The allegations contained in Paragraph F of the Reconventional Demand are denied for lack of sufficient information in which to justify a belief therein.

G.

The allegations contained in Paragraph G of the Reconventional Demand are denied for lack of sufficient information in which to justify a belief therein.

H.

The allegations contained in Paragraph H of the Reconventional Demand are denied. Further answering, plaintiff and defendant-in-reconvention shows that the Red River Parish Courthouse parking lot was very close after plaintiff-in-reconvention turned on his emergency lights.

I.

The allegations contained in Paragraph I of the Reconventional Demand are denied for lack of sufficient information in which to justify a belief therein. Further answering, plaintiff and defendant-in-reconvention shows that he already had his driver's license out and did not "display"

his wallet.

J.

The allegations contained in Paragraph J of the Reconventional Demand are denied. Further answering, plaintiff and defendant-in-reconvention identified himself as a Judge.

K.

The allegations contained in Paragraph K of the Reconventional Demand are denied. Further answering, plaintiff and defendant-in-reconvention shows that a battery was committed on his person by plaintiff-in-reconvention.

L.

The allegations contained in Paragraph L of the Reconventional Demand are denied.

M.

La. R.S. 14:112;14:112.1 is the best evidence of its contents, but if other answer is required, the allegations contained in Paragraph M of the Reconventional Demand are denied.

N.

La. R.S. 40:1376(F) is the best evidence of its contents, but if other answer is required, the allegations contained in Paragraph N of the Reconventional Demand are denied.

O.

La. R.S. 37:3290, 3291 are the best evidence of their contents, but if other answer is required, the allegations contained in Paragraph O of the Reconventional Demand are denied.

P.

The allegations contained in Paragraph P of the Reconventional Demand draw legal conclusions which do not require an answer by this defendant-in-reconvention, but if an answer is required, these allegations are denied.

Q.

The allegations contained in Paragraph Q of the Reconventional Demand draw legal conclusions which do not require an answer by this defendant-in-reconvention, but if an answer is required, these allegations are denied.

R.

Plaintiff and defendant-in-reconvention admits that he never requested any special treatment from plaintiff-in-reconvention, but the remaining allegations contained in Paragraph R of the Reconventional Demand are denied.

S.

Plaintiff and defendant-in-reconvention admits that a witness was present during most of this incident, but the remaining allegations contained in Paragraph S of the Reconventional Demand are denied.

T.

Plaintiff and defendant-in-reconvention admits that an affidavit was prepared and an arrest warrant for plaintiff-in-reconvention was obtained, but the remaining allegations contained in Paragraph T of the Reconventional Demand are denied.

U.

The allegations contained in Paragraph U of the Reconventional Demand are denied.

V.

The allegations contained in Paragraph V of the Reconventional Demand do not require an answer of this defendant-in-reconvention, but if one is required then the allegations contained in Paragraph V of the Reconventional Demand are denied.

W.

The allegations contained in Paragraph W of the Reconventional Demand do not require an answer of this defendant-in-reconvention, but if one is required then the allegations contained in Paragraph V of the Reconventional Demand are denied.

X.

La. R.S. 9:2798.1 and 40:1379 are the best evidence of their contents, and the remaining allegations contained in Paragraph X of the Reconventional Demand are denied.

Y.

The allegations contained in Paragraph Y of the Reconventional Demand do not require an answer of this defendant-in-reconvention, but if one is required then the allegations contained in Paragraph Y of the Reconventional Demand are denied.

Z.

The allegations contained in Paragraph Z of the Reconventional Demand appear to be based on purported legal conclusions and require no answer of this defendant-in-reconvention, but if one

if required, they are denied.

AA.

The allegations contained in Paragraph AA of the Reconventional Demand are denied for lack of sufficient information in which to justify a belief therein.

AB.

The allegations contained in Paragraph AB of the Reconventional Demand are denied.

AC.

The allegations contained in Paragraph AC of the Reconventional Demand are denied.

AD.

The allegations contained in Paragraph AD of the Reconventional Demand are denied.

AE.

The allegations contained in Paragraph AE of the Reconventional Demand are denied for lack of sufficient information in which to justify a belief therein.

AF.

The allegations contained in Paragraph AF of the Reconventional Demand are denied for lack of sufficient information in which to justify a belief therein.

AG.

The allegations contained in Paragraph AG of the Reconventional Demand are denied for lack of sufficient information in which to justify a belief therein.

AH.

The allegations contained in Paragraph AH of the Reconventional Demand are denied for lack of sufficient information in which to justify a belief therein.

AI.

The allegations contained in Paragraph AI of the Reconventional Demand do not require an answer of this defendant, but if one is required then the allegations contained in Paragraph AI of the Reconventional Demand are denied for lack of sufficient information in which to justify a belief therein.

AJ.

The allegations contained in Paragraph AJ of the Reconventional Demand are denied.

AK.

The allegations contained in Paragraph AK of the Reconventional Demand are denied. Further answering, the warrant issued herein was issued by an outside/independent member of the State of Louisiana Judiciary after due consideration and applicable standards of law.

AL.

The allegations contained in Paragraph AL of the Reconventional Demand are denied.

AM.

The allegations contained in Paragraph AM of the Reconventional Demand are denied.

AN.

The allegations contained in Paragraph AN of the Reconventional Demand are denied.

FURTHER ANSWERING, Plaintiff and defendant-in-reconvention asserts the following defenses:

### FIRST DEFENSE

Plaintiff-in-reconvention fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff and defendant-in-reconvention re-alleges and re-avers each and every allegation contained in his original petition previously filed herein as if stated herein in full as affirmative defenses to all the allegations of plaintiff-in-reconvention.

### THIRD DEFENSE

At all times relevant herein, plaintiff and defendant-in- reconvention, did not violate, and specifically denies any actions on his part which could be construed to possibly violate any of plaintiff-in-reconventions's civil rights.

### FOURTH DEFENSE

Plaintiff and defendant-in-reconvention shows that any damage or injury to plaintiff-in-reconvention which occurred as a result of any and/or all allegations herein was the result of plaintiff-in-reconvention's own actions, negligence, and/or fault which bars his recovery herein. In the alternative, defendant-in-reconvention pleads that if any other parties and/or third persons are deemed responsible herein, then comparative negligence principles should be applied proportionally.

### FIFTH DEFENSE

Any recovery by plaintiff-in-reconvention herein should be offset to the extent that he failed to mitigate his damages.

WHEREFORE, LEWIS O. SAMS, PLAINTIFF AND DEFENDANT-IN-RECONVENTION PRAYS that this answer be deemed good and sufficient and that after due proceedings are had there be judgment herein rejecting the demand of Plaintiff-in-Reconvention at his cost.

Respectfully submitted,

JAMES D. "BUDDY" CALDWELL
Attorney General


By: s/Claude W. Bookter, Jr.
    Claude W. Bookter, Jr.,#03266
Special Assistant Attorney General

401 Edwards Street, Suite 2100
Shreveport, Louisiana 71101
Telephone: (318) 221-3444
Facsimile: (318) 221-8811

ATTORNEY FOR DEFENDANT,
LEWIS OKEY SAMS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that an exact copy of the above and foregoing has this day been forwarded to:

Paul Carmouche
Weems, Schimpf, Gilsoul, Haines,
Landry & Carmouche
912 Kings Highway
Shreveport, Louisiana 71104

Richard King
Lunn, Irion, Salley, Carlisle & Gardner
Post Office Box 1534
Shreveport, Louisiana 71165

Daniel Keele
Attorney at Law
2800 Youree Drive, Suite 464
Shreveport, Louisiana 71104

Taylor Townsend
Kelly & Townsend
137 Saint Denis Street
Natchitoches, Louisiana 71457

by placing same in the United States mail, with adequate postage paid thereon.

Shreveport, Caddo Parish, Louisiana, this the 23rd day of September, 2010.

                                              S/Claude W. Bookter, Jr.
                                                   OF COUNSEL